UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTOINE G. MALONE, SR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-318-JD-MGG |
| VERNICA PORTER, et al., | |
| Defendants. | |

OPINION AND ORDER

Antoine G. Malone, Sr., a prisoner without a lawyer, filed an amended complaint. ECF 3. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his amended complaint, Malone alleges that, on January 15, 2021, while he was having a bout of seizures, Sgt. Vernica Porter ordered Nurse Josh Kuiper to give him three doses of Narcan nasal spray because Malone appeared to be having a bad reaction to K-2 (synthetic marijuana). ECF 3 at 2, 4. He claims the Narcan caused his heart to fail and that a similar situation occurred in the past. *Id*. Malone explains he is a seizure patient, who had not been taking his medication, which caused him to have

seizures while he was sleeping. *Id*. Malone states that, because his lab results showed he was negative for K-2, Nurse Kuiper made a "grave error" in giving him the Narcan when he was having a seizure. *Id*. He states Sgt. Porter also falsified a conduct report as he incorrectly believed he was intoxicated. *Id*. at 2. Malone further asserts that Grievance Officer John Harvil refused to process his grievance and Warden John Galipeau was aware of the January 15, 2021, incident, but did nothing to rectify it. *Id*.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). And for a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the

person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

In this case, Malone seems to be alleging that, when he was having a medical emergency on January 15, 2021, Sgt. Porter and Nurse Kuiper were deliberately indifferent in responding to the emergency. While Sgt. Porter directed Nurse Kuiper to administer Narcan because he thought Malone was intoxicated from K-2, Malone contends that Nurse Kuiper should have known he suffered from seizures and was not taking his medication. Because Nurse Kuiper had access to Malone's medical records and Malone alleges a similar situation occurred in the past, it can plausibly be inferred that Nurse Kuiper's actions in administering three doses of Narcan to Malone constitute deliberate indifference. Therefore, giving Malone the inferences to which he is entitled at this stage of the proceedings, he has stated a plausible claim against Nurse Kuiper for being deliberately indifferent when he administered Narcan to Malone, on January 15, 2021, in violation of the Eighth Amendment. However, Sgt. Porter, who did not have access to Malone's medical records and was not a medical professional, acted reasonably in directing Nurse Kuiper to administer the Narcan given his belief that Malone was intoxicated. Thus, he will not be given leave to proceed against Sgt. Porter.

Malone next appears to have asserted a state law claim for negligence against Sgt. Porter and Nurse Kuiper. ECF 3 at 2. Under the Indiana Tort Claims Act, a tort claim against a political subdivision is barred unless notice is filed with the governing body of the political subdivision and its risk management commission within 180 days of the loss. *VanValkenburg v. Warner*, 602 N.E.2d 1046, 1048 (Ind. Ct. App. 1992); Ind.

3

Code § 34-13-3-8. The notice requirement applies not only to political subdivisions but also to employees of political subdivisions. *Id*. However, Malone's amended complaint does not include any allegations that he complied with the notice requirements of the Indiana Tort Claims Act. Therefore, his state law claim will be dismissed.

Malone has also sued Grievance Officer Harvil asserting that Harvil refused to process his grievance and would not provide him with a step-two grievance form. ECF 3 at 2, 4-6. However, Malone has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due-process right to an inmate grievance procedure). Therefore, he may not proceed against Harvil.

Furthermore, Malone has sued Warden Galipeau asserting he did nothing to rectify the January 15, 2021, incident. ECF 3 at 2. A § 1983 suit requires "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). However, Malone has not alleged that Warden Galipeau knew about or was personally involved in the January 15, 2021, incident. There is also no general *respondeat superior* liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Because Warden Galipeau was not personally involved in the incident and he cannot be held liable simply because he oversees the operation of the prison, Malone cannot proceed against him.

For these reasons, the court:

(1) GRANTS Antoine G. Malone, Sr. leave to proceed against Nurse John Kuiper in his individual capacity for compensatory and punitive damages for being

deliberately indifferent when he administered Narcan to Malone on January 15, 2021, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Sgt. Porter, Grievance Officer John Harvil, and Warden John Galipeau;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse John Kuiper at Wexford of Indiana, LLC, with a copy of this order and the amended complaint (ECF 3), under 28 U.S.C. § 1915(d);

(5) ORDERS Wexford of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Nurse John Kuiper to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 1, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT