UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTOINE G. MALONE, SR.,

    Plaintiff,

    v.                                 CAUSE NO. 3:21-CV-318-MGG

JOSHUA KUIPER,

    Defendant.

## OPINION AND ORDER

Antoine G. Malone, Sr., a prisoner without a lawyer, is proceeding in this case against Nurse Josh Kuiper "in his individual capacity for compensatory and punitive damages for being deliberately indifferent when he administered Narcan to Malone on January 15, 2021, in violation of the Eighth Amendment[.]" ECF 9 at 4-5. Nurse Kuiper filed a motion for summary judgment. ECF 33. Malone filed a response, and Nurse Kuiper filed a reply. ECF 45, 46, 52, 54. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving

party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

The parties provide evidence showing the following facts: Malone was first diagnosed with seizures in 2018 before he was incarcerated. ECF 33-1 at 46. At that time, he was prescribed Keppra to be taken daily. *Id.* at 47-48. Around February 2020, Malone was transferred to Westville Correctional Facility. *Id.* at 54. Upon his arrival, medical staff continued his Keppra prescription. *Id.* at 55. Malone initially took his Keppra as prescribed, but began cutting the dosage on his own around May or June 2020. *Id.* Around the end of 2020, he began refusing his Keppra medication altogether against medical advice. *Id.* at 58-59. During this time, he was taking K2 synthetic marijuana two to three times per week. *Id.* at 59.

On November 16, 2020, a Signal 3000 was called on behalf of Malone for suspected intoxication and seizure activity. ECF 33-2 at 2-3. He was observed moaning, "flailing in bed," and not following directions. *Id.* at 3. Nurse Kuiper examined Malone and noted he had clammy skin, yellowed and discolored fingertips, glassy eyes, dilated pupils, slurred speech, and erratic behavior. *Id.* at 2-3, 5. Based on these symptoms, Nurse Kuiper believed Malone was experiencing a drug-induced seizure. *Id.* Additionally, a medical room nurse informed Nurse Kuiper that Malone was not compliant with his seizure medications. *Id.* at 3. Malone's mental status did not improve with time or smelling salts. *Id.* Nurse Kuiper administered Narcan to see if his condition would improve. *Id.* Approximately five minutes after the Narcan was administered, Malone was able to follow directions and was transported via wheelchair to urgent care

2

for monitoring and evaluation. *Id.* During transport, he became increasingly lethargic and stopped following directions. *Id.* Nurse Kuiper administered a second dose of Narcan which had immediate effect, as Malone became more awake and began following directions. *Id.*

Once Malone arrived at urgent care, he began to actively seize and his blood pressure fell. ECF 33-2 at 3, 5. He received two IVs containing Narcan and IV fluids, which caused him to become more awake and responsive. *Id.* at 5. After two hours of observation, both IVs were removed. *Id.* Malone then began to grow lethargic, his pupils became pinpoint, and he began to seize again. *Id.* He received additional IVs and Narcan doses. *Id.* Once his vitals improved and he regained awareness, Malone stated he had taken 6 tabs of suboxone and smoked an unknown substance just prior to the Signal 3000 being called. *Id.* at 6. A doctor ordered he receive activated charcoal. *Id.* at 6. Eventually, his vitals improved. *Id.* He was monitored for the next two hours and a urine sample was collected, which was positive for K2. *Id.* at 3, 6, 14. After approximately 11.5 hours in urgent care, Malone was returned to the infirmary. *Id.* at 3, 6.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To be held liable for deliberate indifference to an inmate's medical needs, a medical professional must make a decision

3

that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Where the defendants have provided some level of care for a prisoner's medical condition, in order to establish deliberate indifference the prisoner must show that "the defendants' responses to [his condition] were so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregarded his needs." *Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008). A mere disagreement with medical professionals about the appropriate treatment does not amount to an Eighth Amendment violation. *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003).

      Here, Malone has not shown Nurse Kuiper was deliberately indifferent for administering Narcan on January 15, 2021. Specifically, it is undisputed Nurse Kuiper evaluated Malone and found he was lethargic and had clammy skin, yellowed and discolored fingertips, glassy eyes, dilated pupils, and slurred speech, each of which can indicate opioid intoxication. *See* ECF 33-3 at 2 (listing unresponsiveness, pupillary constriction, slurred speech, and clammy skin as clinical indications of opioid intoxication). Malone does not dispute that administering Narcan caused him to become more awake and responsive. Moreover, Malone does not dispute he later informed medical staff he had taken 6 tabs of suboxone and smoked an unknown substance just prior to the Signal 3000 being called. While Malone believes Nurse Kuiper should have focused on providing treatment for his seizure condition rather

4

than his intoxication, he has not shown it was "plainly inappropriate" for Nurse Kuiper to administer Narcan under these conditions.

In his response, Malone argues that Narcan is an opiate blocker, "not an antidote" for K-2 synthetic marijuana. ECF 45 at 2. But Nurse Kuiper had reason to believe Malone was intoxicated with opiates in addition to K-2 synthetic marijuana, as Malone showed symptoms of an opioid overdose and later admitted to taking suboxone tablets and smoking an unknown substance. *See* ECF 33-3 at 2 (Executive Directive instructing prison staff that "If doubt exists regarding the offender's level of consciousness or source of intoxication, Narcan should still be administered, as it has no significant adverse effects"). Regardless, Nurse Kuiper provides evidence that Narcan can be beneficial in treating an overdose of K-2 synthetic marijuana, which Malone does not dispute. *See* ECF 33-4 (finding Narcan may be beneficial and can lead to "increased responsiveness and/or normalized vital signs" in instances of synthetic cannabinoid overdose). Malone states that Narcan "is of no use and has proven antagonistic to my system" (ECF 45-1 at 1), but it is undisputed Narcan helped improve his condition and, regardless, he has no medical expertise to offer this opinion. Accordingly, even when construing the facts in the light most favorable to Malone, no reasonable jury could conclude Nurse Kuiper was deliberately indifferent for administering Narcan on January 15, 2021.

For these reasons, the court:

(1) GRANTS Nurse Kuiper's summary judgment motion (ECF 33); and

(2) DIRECTS the clerk to enter judgment in favor of Nurse Kuiper and against Antoine G. Malone, Sr., and to close this case.

SO ORDERED on August 16, 2023.

                                                  s/ Michael G. Gotsch, Sr.
                                                  Michael G. Gotsch, Sr.
                                                  United States Magistrate Judge